# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CITADEL FEDERAL CREDIT UNION,   )
  )
    Plaintiff,   )
  )
    v.   )   C.A. No.: N24C-08-080 FWW
  )
RAEKWON J. WILLIAMS,   )
  )
    Defendant.   )

Submitted: March 7, 2025
Decided: March 11, 2025

*Upon Plaintiff Citadel Federal Credit Union's Amended Motion for Summary Judgment*
**GRANTED.**

# ORDER

Garvan F. McDaniel, Esquire, HOGAN McDANIEL, 1311 Delaware Avenue, Wilmington, DE, Attorney for Plaintiff Citadel Federal Credit Union.

Raekwon J. Williams, 1 Amstel Drive, Apt 10, New Castle, DE 19720, Defendant, *pro se.*

**WHARTON, J.**

This 11th day of March 2025, upon consideration of Plaintiff Citadel Federal Credit Union's ("Citadel") Motion for Summary Judgment,[1] its Amended Motion for Summary Judgment ("Amended Motion"),[2] the Response of Defendant Raekwon J. Williams ("Williams"), Citadel's Reply,[3] and the record in this case, it appears to the Court that:

1.     Citadel brings this action pursuant to an installment sales contract for the purchase of a 2018 Chrysler 300 alleging that Williams failed to pay the monthly installments due under the contract.[4]     The Complaint notifies Williams that the allegations in it are to be answered by affidavit pursuant to 10 *Del. C.* § 3901.[5]

2.     Williams answered, although not by affidavit.[6] He admits the existence of the installment sales contract but explains that he stopped making payments because the vehicle was totaled in an accident.[7] He denies being in default because he "paid for gap insurance through Citadel and the insurance that totaled out the vehicle (USAA) and gap insurance handled the amount owed."[8]   He attaches as

---

[1] Pl. Mot. for Summ. J., D.I. 5.
[2] Pl.'s Amend. Mot. Summ. J., D.I. 12.
[3] Pl.'s Reply, D.I. 9.
[4] Compl., D.I. 1.
[5] *Id.*
[6] Ans. D.I. 4.
[7] *Id.* at ¶ 5.
[8] *Id.* at ¶ 6.

2

Exhibit "C" a document from Safe-Guard Products International LLC purporting to represent the gap insurance.[9]   Unfortunately, the document is of little value as it requires logging on to a claim dashboard to view it contents.[10]

3.    Citadel first moved for summary judgment on October 22, 2024.[11]  It asserts that it is entitled to summary judgment for two reasons.  First, because Williams failed to file an affidavit of defense as required by 10 *Del. C.* § 3901, and second, because he fails to cite any defenses to the allegations in the Complaint. Williams response essentially was a request for understanding because he is representing himself.

4.    Pursuant to 10 *Del. C.* § 3901(a), certain types of civil actions, such as this one, allow a plaintiff to require a defendant to answer the allegations of the complaint by an affidavit "setting forth the specific nature and character of any defense and the factual basis therefore."  Under § 3901(d), the Court, in its discretion, may enter a default judgment for failure of a defendant to answer by affidavit.  Further, § 3901(i) permits the Court, in its discretion to "extend the time

---

[9] *Id.* at Ex. C.
[10] *Id.*
[11] Pl.'s Mot. for Summ. J., D.I. 5.

in which the defendant …has to answer or otherwise do anything authorized by its rules of Civil Procedure."

5.    In his Answer, Williams asserts that nothing is due to Citadel because gap insurance he obtained through Citadel and his other insurer on the totaled vehicle "handled the amount owed."  Unfortunately Exhibit "C" attached to his Answer, which apparently purports to be proof of the gap insurance is simply a "Claim Dashboard."  No documents are uploaded to it.

6.    Because Williams was a *pro se* litigant who asserted in his Answer what would be a valid defense on the merits, the Court temporarily determined not to grant Citadel's motion.[12]  Instead, it entered a Preliminary Order on December 13, 2014 allowing  Williams 20 days to submit an affidavit of defense in compliance with 10 *Del. C.* § 3901, including documents showing any amounts Williams claims Citadel was paid under the terms of the installment sales contract and/or under any insurance policies.[13]

7.    Williams failed to file an affidavit.  As a result, Citadel submitted this Amended Motion on January 28, 2025.[14]  The Court directed Williams to respond

---

[12] D.I. 10.

[13] *Id.*

[14] Pl.'s Amend. Mot. for Summ. J., D.I. 12.

4

by February 21, 2025.[15]  Williams did not respond, and, on March 7th, Citadel wrote the Court asking it to grant its Amended Motion as unopposed.

8.  Because Williams has failed to respond to the Court's Order of December 13, 2024 or to its Order directing him to respond to Citadel's Amended Motion, the Court determines that the Amended Motion is unopposed.

**THEREFORE,** Citadel Federal Credit Union's Amended Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[15] D.I. 13.